## HOLM v. FIRST NATIONAL BANK OF CLARK.

Where, in reply to a cross complaint for foreclosure of a mortgage in a suit to cancel the note and mortgage, plaintiff pleads full payment, and alleges facts sufficient to show that the debt secured by the mort-

gage was wholly usurious, the court cannot properly strike out such reply, and exclude all competent testimony as to usury, the reply raising a material issue, and a good defense to the foreclosure.

(Opinion filed October 2, 1901.)

Appeal from circuit court, Clark county, HON. JULIAN BENNETT, Judge.

Action by T. H. Holm against the First National Bank of Clark to recover a money judgment and the cancellation of certain notes and mortgages. From a judgment in favor of defendant, plaintiff appeals. Reversed.

*C. X. Seward* and *C. G. Sherwood,* for appellant.

*S. A. Keenan,* for respondent.

FULLER, P. J. In this action to recover $255.74 and secure the cancellation of certain promissory notes and mortgages which plaintiff claims defendant obtained wholly without consideration, and by reason of his illiteracy and inability to understand the English language, the defendant, after traversing the allegations of the complaint, "for an affirmative defense to plaintiff's cause of action and for a complaint against the said plaintiff," alleges two separate and distinct causes of action for the foreclosure of certain mortgages executed by plaintiff, and the usual decree in foreclosure and for a deficiency judgment is prayed for. Replying to this cross complaint in foreclosure, plaintiff pleaded full payment of the amount lawfully due, and for a further and complete defense facts were specifically alleged sufficient to show that the debt secured by such mortgages was wholly usurious. This reply was stricken from the files by the court, and plaintiff was not permitted to introduce evidence tending to establish any of the material facts therein alleged. As the reply to the cross complaint put in issue material facts which plaintiff was entitled to plead and prove as a defense to the foreclosure of the mort-

gages, it was fatally erroneous to strike such pleading from the files and exclude all competent testimony bearing upon the question of usury and want of consideration. In addition to the above mentioned rulings of the court, there were numerous errors occurring at the trial, which, under our view of the case, need not be specially noticed.

For the error above mentioned, the judgment against the plaintiff and in favor of the defendant is reversed, and a new trial ordered.